IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARREN HALL, MICHAEL HENNESSY, and MARK CARTWRIGHT, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:24-cv-3273-K |
| THE TONE KNOWS, INC., TONE MULTI-MEDIA LLC, VLAD CHIRIAC, individually, and VALI CHIRIAC, individually, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The United States Magistrate Judge submitted Findings, Conclusions, and Recommendation (the "FCT") in this case. Doc. No. 52. The Magistrate Judge recommends that the Court deny Plaintiffs Darren Hall, Michael Hennessy, and Mark Cartwright's Motion for Default Judgment against Defendants The TONE Knows, Inc. and TONE Multi-Media LLC and dismiss their claims without prejudice for lack of personal jurisdiction. *See id.* at 13-15.

Plaintiffs Darren Hall, Michael Hennessy, and Mark Cartwright ("Plaintiffs") filed their Objection to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. No. 55). Each Plaintiff executed a sworn declaration

1

and these declarations were all attached to the Objection in support. This Court has reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made. It is well-established that "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.* The Fifth Circuit has repeatedly stressed that "a judgment entered without personal jurisdiction is void" and, therefore, "a district court has the duty to assure that it has the power to enter a valid default judgment." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001); *accord Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 499 (5th Cir. 2018).

The Magistrate Judge correctly found that Plaintiffs did not allege sufficient facts to support the exercise of personal jurisdiction over the TONE Defendants as to any of Plaintiffs' claims and, therefore, the request for default judgment should be denied. Further, Plaintiffs' attempt to cure these jurisdictional deficiencies in their Complaint with the sworn declarations attached to their Objection is unavailing. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499-500 (5th Cir, 2015) (emphasizing that evidence can be used to support well-plead allegations in the complaint on a motion for default judgment); *Edge v. TLW Energy Servs., L.L.C.*, 2023

2

WL 3267847, at *5 (5th Cir. May 5, 2023). Accordingly, the Court **OVERRULES** the Objection.

The Court has reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court concludes that the Findings and Recommendation of the Magistrate Judge are correct and **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge as to denying the Motion for Default Judgment. Accordingly, Plaintiffs Darren Hall, Michael Hennessy, and Mark Cartwright's Motion for Default Judgment against Defendants The TONE Knows, Inc. and TONE Multi-Media LLC is hereby **DENIED**.

The Magistrate Judge also recommended that the Court dismiss Plaintiffs' claims against the TONE Defendants without prejudice for lack of personal jurisdiction. Before the Court could rule on the FCR, Plaintiffs filed an Amended Motion for Leave to Amend Complaint (the "Motion to Amend") (Doc. No. 58) "to cure any perceived [jurisdictional] deficiencies in the December 03, 2025, Findings, Conclusions, and Recommendation of the United States Magistrate Judge." Doc. No. 58 at 1. Considering Plaintiffs' request to amend their jurisdictional allegations, the Court **REJECTS** the Magistrate Judge's recommendation to dismiss Plaintiffs' claims against the TONE Defendants without prejudice.

Upon careful consideration of the Motion to Amend, the Court finds that leave should be given and, so, **GRANTS** the Motion to Amend. *See* FED. R. CIV. P. 15(a)(2)

3

("[C]ourt should freely give leave when justice so requires."); *see also* 28 U.S.C. § 1653. To be clear, in allowing this amended pleading, the Court is not commenting on whether the allegations in Plaintiffs' Third Amended Complaint will support the exercise of personal jurisdiction over the TONE Defendants.

The Clerk is **DIRECTED** to enter Plaintiff's Third Amended Complaint, filed as Doc. No. 58-1, as of the date of this Order.

Because they do not assert a new claim against the TONE Defendants, Plaintiffs are not required to serve each of the TONE Defendants with the Third Amended Complaint. *See PGM of Tex., LLC v. Great Glory Cares, Inc.*, 2024 WL 2131485, at *2 (W.D. Tex. May 13, 2024) (citing FED. R. CIV. P. 5(a)(2); *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 593-94 (5th Cir. 2014)). However, the Third Amended Complaint does not "refer[] to and adopt[] or incorporate[] by reference" the Second Amended Complaint; therefore, the Third Amended Complaint supersedes and renders a nullity the Second Amended Complaint. *King v .Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)(per curiam). Accordingly, Plaintiffs must file a new request for Clerk's entry of default and, thereafter, a motion for default judgment. *PGM of Tex.*, 2024 WL 2131485, at *2 (citing *King*, 31 F.3d at 346); *see Am. Advisors Grp. v. Robinson*, 2019 WL 83331433, at *4 (E.D. Tex. Dec. 30, 2019) (an amended complaint supersedes the prior pleading and, therefore, renders the clerk's entry of default on the prior pleading a nullity that must be set aside and moots any pending

4

motion for default judgment); U.*S. Bank Nat'l Assoc. as Tr. for Truman 2016 SC6 Title Tr. v. Harris*, 2017 WL 10776031, at *1 (E.D. Tex. Sept. 29, 2017) ("To that end, the Clerk's Entry of Default based on Defendant's failure to answer or otherwise respond to the original Complaint is likewise a nullity and must be set aside.").

**SO ORDERED.**

Signed January 7th, 2026.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE